IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRAN L. SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-12-101-JHP-SPS |
| | ) |
| MUSKOGEE COUNTY DETENTION | ) |
| CENTER, R.E. CHARLES PEARSON, | ) |
| RAYMOND BARNES, CHRIS BROWN, | ) |
| ROB COOLIE, JOHNNIE MERILL, SIX | ) |
| SIX UNKNOWN AGENTS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On January 7, 2009, Plaintiff, an inmate currently incarcerated at the Davis Correctional Facility in Holdenville, Oklahoma and proceeding *pro se*, filed a Petition in the Muskogee County District Court. Defendant Pearson filed a "Notice and Petition of Removal" on March 7, 2012, removing the Second Amended Petition[1] which had been filed in the Muskogee County District Court on February 16, 2012.

### Defendant's Notice of Removal

The federal courts are courts of limited jurisdiction possessing only that power authorized by Constitution and statute, *Kokkonen v. Guardian Life Ins. Co. of America,* 511

---

[1] While entitled "Second Amended Petition," this was the fourth pleading filed in the state court action. The allegations in the first and second state court filings were identical. The only difference in those two pleadings was that the defendant named the individual defendants in addition to the Muskogee County Detention Center which had been named in the original pleading. The third pleading filed in the state court was identical to the first pleading filed in the state court. The difference between the first three filings and this fourth pleading is that the fourth pleading alleges that the individual defendants were "acting under color of law."

U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).  As such, a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction.  *See*, *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).  "Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).  Removal statutes must be strictly construed and if there is any uncertainty as to the removability of an action, that doubt should be resolved in favor of remanding the case to state court.  *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

Title 28 U.S.C. § 1441 *et seq.* governs removal jurisdiction.  A state court action can only be removed to federal court if it could have originally been brought in that federal court.

Here, Plaintiff's Complaint rests on allegations that he was denied adequate medical care and he was not provided safe shelter during his incarceration causing him to suffer cruel and unusual punishment in violation of his Eighth Amendment rights.  Because plaintiff's federal claims appear on the face of his complaint, this Court finds his cause of action arises under federal law, and thus, is removable.  *See*, 28 U.S.C. §§ 1331, 1441(b).

### Screening pursuant to 28 U.S.C. §§ 1915A(b)

Federal courts are required to engage in a preliminary screening of cases in which inmates seek "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be

granted, or seek monetary relief from a defendant who is immune from such relief. *See*, 28 U.S.C. § 1915A(b)(1) and (2). In order to avoid dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.*, U.S. at 570, S.Ct. at 1974. A court must accept all of the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.*, U.S. at 555, S.Ct. at 1964-65. A cause of action should be dismissed, however, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief." *Id.*, U.S. at 558, S.Ct. at 1966.

Title 42 U.S.C. § 1983 provides a federal remedy against any person who, acting under color of state law, deprives another of his federal rights. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Two prima facie elements must be alleged in a 1983 complaint: 1) the defendant deprived the plaintiff of a right secured by the 'Constitution and laws' of the United States and 2) the defendant acted 'under color of law.' *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Federal Rule of Civil Procedure 8(a)(2) sets up a liberal system of notice pleading in federal courts requiring only that the complaint include a short and plain statement of the claim. *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008).

A *pro se* litigant's pleadings are held to less stringent standards than those drafted by lawyers and the court must construe them liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972). At the same time, the district court can not assume the role of advocate for a *pro se* litigant and should dismiss claims that are supported by vague or conclusory allegations. *Hall*, 935 F.2d, at 1110.

**1. Plaintiff's complaint fails to state a claim upon which relief may be granted**

In the removed pleading, the plaintiff alleges while he was housed within the Muskogee County Detention Center, after being released from the hospital following a gun shot wound, he "was deprived critical life saving medical treatment, and after care medicines, 'actively perscribed (sic)'"; "was deprived the active and perscribed (sic) dressing changes;" and was "denied anitbotic (sic) medications." Additionally, plaintiff alleges that "failure to follow protocal (sic) resulted in further injury" and was "cruel and unusual punishment." Finally, plaintiff alleges that failure to "properly house me" resulted in him being attacked. Although plaintiff states his Fourteenth Amendment Due Process rights and his Eighth Amendment right to not be subjected to cruel and unusual punishment, even giving liberal construction to plaintiff's pleading, this Court finds it fails to state a claim.

The focus of plaintiff's complaint is the adequacy of the medical care provided to him while he was incarcerated within the Muskogee County Jail and a failure to prevent harm. It is unclear from the pleading whether Plaintiff had been convicted or whether he was a pretrial detainee at the time of the incidents giving rise to these claims. While the conditions under which a convicted prisoner is held are subject to scrutiny under the Eighth Amendment, the conditions under which a state pretrial detainee is confined are scrutinized

under the Due Process Clause of the Fourteenth Amendment. *See*, *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). Even though the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard nonetheless provides the benchmark for such claims. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citations omitted). The Eighth Amendment requires jail officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998).

In order to state a claim under § 1983, a plaintiff must 1) allege a violation of a right secured by the Constitution or laws of the United States and 2) demonstrate that the alleged deprivation was committed by a person acting under color of law. *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009). The Eighth Amendment's prohibition against cruel and unusual punishment imposes minimum requirements on prison officials in the treatment received by inmates. Not every injury suffered by a prisoner at the hands of another, however, translates into constitutional liability for prison officials. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). To establish a violation of a convicted prisoner's Eighth Amendment rights due to inadequate medical care, the prisoner "must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs." *Wilson v. Seiter*, 501 U.S. 294, 297-299 (1991). *See also*, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Whereas, in cases involving a claim of failure to prevent harm, an inmate must establish that he is incarcerated under conditions posing a "substantial risk of serious harm."

*Farmer v. Brennan*, *supra*. An Eighth Amendment claim has both an objective and subjective component. *Id*. The objective component requires proof that the condition was "sufficiently serious." *Id*. To meet the objective component, "extreme deprivations are required . . . ." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The subjective component is met by a prison official who is deliberately indifferent to an inmate's health or safety. *Wilson v. Seiter*, 501 U.S. at 297. "[A]llegations of 'inadvertent failure to provide adequate medical care,' or of a 'negligent . . . diagnos[is],' simply fail to establish the requisite culpable state of mind." *Id.* (citations omitted) Claims of medical negligence due to a doctor's choice of therapy or disagreements in medical judgments are not actionable under § 1983. *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997). In other words, "a negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation. *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999) (citations omitted).

   Although plaintiff alleges he was "released from the Muskogee County Regional Medical Center's 'critical care' trauma unit, after suffering a near fatal gunshot wound to the right side" of his neck, he has failed to allege facts to satisfy the subjective component of the deliberate indifference standard to his serious medical needs. Plaintiff presents no facts suggesting that any of the named defendants acted with deliberate indifference. Rather, a liberal construction of his pleading, indicates the jail did not follow what plaintiff understood were the discharge instructions of the Muskogee County Regional Medical Center. However, as indicated above, claims of medical malpractice do not state a constitutional

violation. Similarly, plaintiff has failed to allege facts to satisfy the subjective component of the deliberate indifference standard for his failure to prevent harm claim.

Additionally, in relation to plaintiff's claims of failure to prevent harm, municipal liability under § 1983 cannot be based upon the doctrine of *respondeat superior*. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95, 98 S.Ct. 2018, 2037-2038, 56 L.Ed.2d 611 (1978). Rather, a governmental entity is only liable under § 1983 when the constitutional injury can fairly be said to have been caused by the entities own policies and procedures. *Id*. Instead of identifying a link between any governmental policies, practices or customs and the alleged constitutional violations, plaintiff's complaint expressly alleges that his rights were violated when "Jail Administrators failed to follow the inmate residents protocol and ensure all classifications and case file assessment, in placing me into general population, which an offense that requires restrictive housing, this failure to follow protocol resulted in my being attacked, resulting in further injury." Dkt. 2-5, at pp. 4-5. Thus, Plaintiff has failed to state a § 1983 claim against any of the defendants in their official or individual capacity. As a result, this Court finds that plaintiff's claims of inadequate medical care and failure to prevent harm, as asserted in the removed pleading, do not state a constitutional violation and are subject to being dismissed for failure to state a claim upon which relief may be granted.

**1. Muskogee County Detention Center**

In his Second Amended Petition, plaintiff has sued, among other, the Muskogee County Detention Center. Although the Oklahoma courts have not addressed in a published opinion the issue of whether a detention center has the capacity to be sued, other jurisdictions have concluded that detention centers and county or local jails are not legal entities capable of suit. *See*, *Bolden v. Gwinnett County Detention Center Medical Admin. Medical Doctors and Staff*, 2009 WL 2496655 (N.D. Ga. 2009) ("Jails, like the Gwinnett County Detention Center, are not legal entities subject to suit under § 1983 at all."); *Rackley v. Poinsett County Detention Center*, 2011 WL 1480316 (E.D.Ark. 2011) ("... detention center is not an entity subject to suit under § 1983."); and *Owens v. Scott County Jail*, 328 F.3d 1026 (8th Cir. 2003) ("... county jails are not legal entities amenable to suit.")  Therefore, Plaintiff's claims against the Muskogee County Detention Center should be dismissed with prejudice, and the detention center's name should be removed as a party Defendant.

**2. Opportunity to amend**

For the reasons cited above, this 42 U.S.C. § 1983 action is subject to dismissal for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). However, should Plaintiff be able to clarify his claims or otherwise cure the deficiencies identified herein, he may file an amended complaint within thirty (30) days of the entry of this Order. The Court Clerk shall provide forms to the plaintiff for use in filing his amended complaint. Should Plaintiff fail to file an amended complaint by the deadline specified below, this action will be dismissed without prejudice.

**3. Service documents**

If this action proceeds, the Court may direct service of process by the U.S. Marshal. A review of the records of this Court, reveals that none of the defendants have ever been served a summons either in this Court or in the Muskogee County District Court.[2] Under Fed.R.Civ.P. 4(m), a defendant must be served within 120 days of the filing of the complaint. Further, pursuant to Fed.R.Civ.P. 4(b), the plaintiff is required to present summons to the clerk for issuance. Since the plaintiff is *pro se*, the Court hereby directs the Court Clerk to send ten (10) blank summons to the plaintiff.

If the plaintiff files an amended complaint, he will be required to name appropriate defendant(s) and provide a properly completed summons and USM-285 service form for each named defendant. The plaintiff should complete these summons by inserting the names of the defendants and an address where they can be served and return them to the Court Clerk for issuance. If the plaintiff does not have the funds to pay the service fees of the United States Marshal, he shall submit, within fourteen days, a properly completed motion for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a)(2) and LCvR 3.3. The Court hereby directs the Court Clerk to send a blank Motion for Leave to Proceed *in forma pauperis* and supporting affidavit to the plaintiff.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

---

[2] Defendant Pearson has accepted service herein. Any amended complaint will, however, have to be delivered by plaintiff to counsel of record for this defendant.

1. The Court Clerk is hereby directed to dismiss this action with prejudice against the Muskogee County Detention Center and the detention center's name should be removed as a party Defendant.

2. The plaintiff's § 1983 complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Unless Plaintiff files an amended complaint within thirty (30) days of the entry of this Order, or by June 14, 2012, curing the deficiencies identified herein, this action will be dismissed for failure to state a claim.

3. If plaintiff intends to file an amended complaint, and he is without sufficient funds to proceed herein, he shall within fourteen (14) days submit a motion to proceed *in forma pauperis*.

4. If plaintiff files an amended complaint, he shall submit properly completed summons and USM-285 Marshal form for each defendant at the time of filing of the amended complaint.

5. The Court Clerk shall send plaintiff a blank motion for leave to proceed *in forma pauperis* and supporting affidavit; a blank Complaint marked "amended" and identified as Case No. CIV-12-101-JHP-SPS, along with ten (10) blank summonses and ten (10) blank USM-285 Marshal service forms.

**Failure to timely comply with this order will result in the dismissal of this action without prejudice and without further notice.**

DATED this  15th  day of May, 2012.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

11